UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOEL M. BOYCE,            )
            Petitioner,   )
                          )
        v.                ) C.A. No. 12-10499-DPW
                          )
GARY RODEN, SUPERINTENDENT,)
            Respondent.   )

MEMORANDUM AND ORDER

On March 16, 2012, petitioner submitted for filing a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the petition is summarily dismissed without prejudice.

BACKGROUND

Petitioner Joel M. Boyce ("Boyce" or "Petitioner"), an inmate at MCI Norfolk, submitted for filing his self-prepared pleading titled "Petition for Writ of Habeas Corpus Ad Subjiciendum Against False Imprisonment." See Petition. Petitioner seeks immediate release and brings his claims under the federal constitution and 28 U.S.C. § 2254. Id. The petition is accompanied by several documents including a copy of a habeas petition that Boyce filed in state court earlier this year. Id.

Petitioner complains that he was charged with armed robbery and that he was confined for 491 days from the time of his arrest in Pittsfield until the time of his trial in Superior Court. Id. at ¶¶ 2-3. On March 28, 2006, he was committed to state prison. Id. at ¶ 4. Petitioner complains that he was kept in confinement

1

awaiting trial more than six months after having been indicted in violation of his right to a speedy trial. <u>Id.</u> at ¶ 5. Boyce contends that the trial court lacked jurisdiction because of the denial of a speedy trial. <u>Id.</u> Boyce complains that both the indictment and warrant [of commitment] were not issued by the trial judge and lacked the wafer seal of the court. <u>Id.</u> at ¶ 7. Finally, Boyce complains that the assistant clerk was not authorized to order his imprisonment, <u>See</u> <u>id.</u> at ¶ 6, and that the respondent did not have in his possession the sentencing transcripts from the trial court. <u>Id.</u> at ¶ 8.

## DISCUSSION

I.  <u>Filing Fee</u>

A party filing a habeas corpus petition must either (1) pay the $5 filing fee for habeas corpus actions or (2) file an application to proceed without prepayment of fees. <u>See</u> 28 U.S.C. § 1914(a) (fees); § 1915 (proceedings <u>in</u> <u>forma</u> <u>pauperis</u>). Although petitioner filed a copy of his prison account statement, he did not file a motion or application to waive the filing fee. Because the petition is subject to summary dismissal, <u>see</u> <u>infra.</u>, ¶ II, petitioner will not be granted additional time to file an application to waive the filing fee.

II. <u>Habeas Petition</u>

A. <u>Standard of Review</u>

The Habeas Rules require the assigned judge to review a

2

habeas petition prior to ordering an answer and to sua sponte dismiss the petition under certain circumstances:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner ....

28 U.S.C. § 2254 Rule 4.

The Supreme Court explained the pleading and summary dismissal requirements of Habeas Rules 2 and 4 as follows:

> Habeas Rule 2(c) ... provides that the petition must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." See also Advisory Committee's note on subd. (c) of Habeas Corpus Rule 2, 28 U.S.C., p. 469 ("In the past, petitions have frequently contained mere conclusions of law, unsupported by any facts. [But] it is the relationship of the facts to the claim asserted that is important ...."); Advisory Committee's Note on Habeas Corpus Rule 4, 28 U.S.C., p. 471 (" '[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." (internal quotation marks omitted)) ....
>
> A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to "show cause why the writ should not be granted." § 2243. Under Habeas Corpus Rule 4, if "it plainly appears from the petition ... that the petitioner is not entitled to relief in district court," the court must summarily dismiss the petition without ordering a responsive pleading.

Mayle v. Felix, 545 U.S. 644, 655 (2005); see also McFarland v. Scott, 512 U.S. 849, 856 (1994).

A petition for a writ of habeas corpus may also be summarily

3

dismissed if it fails to set forth facts that give rise to a cause of action under federal law. 28 U.S.C. § 2243; <u>Marmol v. Dubois</u>, 885 F. Supp. 444, 446 (D. Mass. 1994). Brevis disposition is appropriate if the petition and submitted materials make plain that the petitioner suffered no harm that is remediable under federal law. <u>Mahoney v. Vondergritt</u>, 938 F.2d 1490, 1494 (1st Cir. 1991), <u>cert. denied</u>, 502 U.S. 1104, 112 S. Ct. 1195, 117 L. Ed. 2d 436 (1992) (footnote omitted). The liberal concept of notice pleading has been rejected in the context of habeas corpus petitions, for the petition is expected to state facts that point to a "real possibility of constitutional error." <u>Aubut v. State of Maine</u>, 431 F. 2d 688, 689 (1st Cir. 1970), cited in Advisory Committee's Note to Rule 4, Rules Governing Habeas Corpus Cases, 28 U.S.C. § 2254 foll. (1976); <u>Blackledge v. Allison</u>, 431 U.S. 63, 75 n. 7, 97 S. Ct. 1621, 1629-30 n. 7, 52 L. Ed. 2d 136 (1977).

    B.   <u>The Petition is Subject to Summary Dismissal</u>

Petitioner complains that he was held in pretrial detention awaiting trial for over sixteen months. To the extent this allegation can be construed as a speedy trial claim,[1] petitioner has not alleged exhaustion of his state court remedies. An application for a writ of habeas corpus may not be granted unless

---

[1] The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial...." U.S. Const. amend. VI.

the applicant has exhausted the remedies available in the courts of the State. See 28 U.S.C. § 2254(b)(1)(A). To exhaust a claim in Massachusetts, a habeas petitioner must present the substance of the claim to the state's highest tribunal, the Supreme Judicial Court. Josselyn v. Dennehy, 475 F.3d 1, 3 (1st Cir. 2007). The defendant must give the state courts "a fair opportunity" to consider his claim. Lanigan v. Maloney, 853 F.2d 40, 42 (1st Cir. 1988). That requirement applies to the facts and federal legal theories underlying each claim. Jackson v. Coalter, 337 F.3d 74, 86 (1st Cir. 2003). Every claim in a petition must be exhausted. Thus, even if there are exhausted claims, the existence of an unexhausted claim in a petition generally means that the petition will be dismissed or denied on the merits. 28 U.S.C § 2254(b)(1)-(2); Rose v. Lundy, 455 U.S. 509, 522, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).

Attached to the instant petition is a copy of the habeas petition that Boyce filed with the Single Justice of the Supreme Judicial Court. See Boyce v. Roden, SJ-2012-0028 (filed Jan. 23, 2012). By Order dated March 15, 2012, the Single Justice transferred the case to Berkshire Superior Court in Pittsfield, Massachusetts.

Other than the speedy trial claim, the petition fails to state any viable claims that petitioner is in custody in violation of the United States Constitution. Petitioner provides

no discussion of how the alleged facts might violate any federal constitutional right, as opposed to state law.[2] The facts alleged by petitioner concerning the indictment and warrant of commitment are not sufficient to state a claim for violation of the federal constitution.  See Mosley v. Moran, 798 F.2d 182, 185 (7th Cir. 1985) ("only violations of federal statutory or constitutional law can be the basis for granting federal habeas relief").

After undertaking the review required by Rule 4, this Court concludes that Boyce's habeas claims are meritless, such that the petition must be summarily dismissed.

### ORDER

For the foregoing reasons, it is hereby ORDERED that the petition for writ of habeas corpus is summarily dismissed without prejudice.

SO ORDERED.

 March 27, 2012    /s/ Douglas P. Woodlock  
DATE              DOUGLAS P. WOODLOCK  
                  UNITED STATES DISTRICT JUDGE

---

[2] Petitioner has no federal constitutional right to have state courts abide by state law.  See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (federal habeas relief unavailable for violations of state law or for alleged error in the interpretation or application of state law).